UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tony N. Taylor,                                    Civ. No. 20-2266 (PAM/DTS)

       Plaintiff,

v.                                            **MEMORANDUM AND ORDER**

Inflection Risk Solutions, LLC,

       Defendant.

---

This matter is before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement under Fed. R. Civ. P. 23(e), and for provisional class certification for settlement purposes. Having reviewed the terms of the settlement, the Court concludes that it is fair, reasonable, and adequate under Rule 23(e)(2), and that notice of the settlement should be given to class members.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's unopposed Motion for Preliminary Approval (Docket No. 74) is **GRANTED** and the settlement is **PRELIMINARILY APPROVED**.

2. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

    a. The Settlement Classes together consist of tens of thousands of members;

    b. The claims of the Class Representative are typical of those of the other members of the Settlement Classes;

    c.    There are questions of fact and law that are common to all members of the Settlement Classes; and

    d.    The Class Representative will fairly and adequately protect the interests of the Settlement Classes and has retained Class Counsel experienced in consumer class action litigation who have, and will continue to, adequately represent the Settlement Classes.

3.    For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) a class action is a fair and efficient adjudication of this controversy; and (2) questions of fact and law common to the members of the Settlement Classes predominate over any questions affecting only individual members.

4.    The following settlement classes are **CONDITIONALLY CERTIFIED** for settlement purposes:

<u>Deemed Misdemeanor Class</u>:

All natural persons on whom Defendant published a consumer report, from October 12, 2018 to July 13, 2021, where:
1) the consumer had a Minnesota criminal conviction for which the imposition of a sentence was stayed pursuant to Minn. Stat. § 609.135;
2) the conviction was deemed a misdemeanor pursuant to Minn. Stat. § 609.13, before the date on which Defendant prepared the consumer report, with probation being discharged;
3) the consumer report indicated that the offense level was felony; and
4) the consumer report did not indicate that the conviction was deemed a misdemeanor.

<u>Nationwide Inaccurate Offense Characterization Class</u>:

All natural persons on whom Defendant published a consumer report, from October 12, 2018 to September 29, 2021, where:
1) Defendant's report listed a criminal offense;
2) Defendant's report characterized the offense as "offense class: violence"; and
3) the description of the crime on Defendant's report does not involve a violent act against another person, or a threatened violent act towards another person.  A list of offenses the Parties have agreed satisfy this criterion (3), for purposes of the Settlement, is attached to the Settlement Agreement as **Exhibit A**.

The Class does not include individuals who were convicted of crimes involving possession of a weapon and where the underlying elements of the crime involve violence or threatened violence towards another person or where the state law of the jurisdiction defines the possession of a weapon as a crime of violence.

5. Defendant is to provide data regarding members on the Class List, and the Settlement Administrator is to implement the Notice Plan, in accordance with the Settlement Agreement's terms and timelines.  Pursuant to the Settlement Agreement, the Administrator will provide a declaration to be filed with the Court attesting to the implementation of the Notice Plan prior to the Final Approval Hearing.  To the extent the Parties or Settlement Administrator determine that ministerial changes to the Notice Plan are necessary before disseminating notice to the Settlement Class Members, they may make such changes without further application to the Court.

6. The Notice Plan fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. If a Settlement Class Member chooses to opt out of their respective Class, such Class Member is required to submit a written request for exclusion to the Settlement Administrator by mail, postmarked on or before the date specified in the Class Notice, which shall be no later than sixty (60) days following the initial mailing of the Class Notice. The request must state "I do not want to be part of the Settlement Classes in Taylor v. Inflection," or words to that effect, and must be signed, and include the individual's name and address. A Settlement Class Member who timely submits an opt out using the procedure identified above shall be excluded from the Settlement Class for any and all purposes.

8. A Settlement Class Member who does not timely submit a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

9. Any Settlement Class Member who wishes for any objection to be considered must file with the Court, and mail a copy to the Settlement Administrator, a written notice of objection to be postmarked within sixty (60) days after the date of initial mailing of the Class Notice. The objection must state the case name and number; the basis for and an explanation of the objection; the name, address, telephone number, and email address of the Settlement Class Member making the objection; and a statement of whether the Settlement Class Member intends to appear at the fairness hearing, either with or without counsel. In addition, any objection must be personally signed by the

Settlement Class Member and/or, if represented by counsel, then by counsel.

10. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this Order and the Settlement Agreement shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

11. The Court will hold a final approval hearing on **Tuesday, November 15, 2022, at 11 a.m**., in Courtroom 7D, Warren E. Burger Federal Building and U.S. Courthouse, 316 N. Robert St., St. Paul, Minnesota 55116.

12. All briefs, memoranda, petitions, and affidavits to be filed in support for an individual award to the Class Representative and for an award of attorney's fees and costs shall be filed not later than fourteen (14) days before the Opt-Out & Objections Deadline.

13. All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement shall be filed not later than seven (7) days following the Opt-Out & Objections Deadline.

Dated: ___July 20, 2022___

                                     ___*s/Paul A. Magnuson*___
                                     Paul A. Magnuson
                                     United States District Court Judge