UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tony N. Taylor,                                         Civ. No. 20-2266 (PAM/DTS)

        Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Inflection Risk Solutions, LLC,

        Defendant.

_____

This matter is before the Court on Plaintiffs' Motion for Final Settlement Approval under Fed. R. Civ. P. 23(e) and Plaintiffs' Motion for Attorney's Fees, Costs, and Class Representative Service Award.  The Court held a hearing on the Motions on November 15, 2022, and there was no objection to either Motion.  Having considered the terms of the settlement, the Court concludes that it is fair, reasonable, and adequate under Rule 23(e), in light of the complexity, expense, and duration of litigation, and the risks involved in establishing liability, damages, and in maintaining the class action through trial and appeal. In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 932 (8th Cir. 2005).  The Court further finds that notice has been provided in accordance with the Court's previous Order, that such notice is adequate and sufficient, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.  Finally, the Court finds that the relief provided in the settlement constitutes fair value given in exchange for the release of claims.  The Court notes that there were no objections filed to the settlement and no class member excluded themselves from the settlement.

Accordingly, **IT IS HEREBY ORDERED that**:

1.     Plaintiffs' unopposed Motion for Final Approval (Docket No. 86) is

       **GRANTED** and the settlement is **APPROVED**.

2.     The following settlement classes are **CERTIFIED** for settlement purposes:

Deemed Misdemeanor Class:

All natural persons on whom Defendant published a consumer report, from October 12, 2018, to July 13, 2021, where:

1) the consumer had a Minnesota criminal conviction for which the imposition of a sentence was stayed pursuant to Minn. Stat. § 609.135;
2) the conviction was deemed a misdemeanor pursuant to Minn. Stat. § 609.13, before the date on which Defendant prepared the consumer report, with probation being discharged;
3) the consumer report indicated that the offense level was felony; and
4) the consumer report did not indicate that the conviction was deemed a misdemeanor.

Nationwide Inaccurate Offense Characterization Class:

All natural persons on whom Defendant published a consumer report, from October 12, 2018, to September 29, 2021, where:

1) Defendant's report listed a criminal offense;
2) Defendant's report characterized the offense as "offense class: violence"; and
3) the description of the crime on Defendant's report does not involve a violent act against another person, or a threatened violent act towards another person.  A list of offenses the Parties have agreed satisfy this criterion (3), for purposes of the Settlement, is attached to the Settlement Agreement as **Exhibit A**.

The Class does not include individuals who were convicted of crimes involving possession of a weapon and where the underlying elements of the crime involve violence or threatened violence towards another person or where the state law of the jurisdiction defines the possession of a weapon as a crime of violence.

3.      As agreed by the parties in the Settlement Agreement, on the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

4.      Each Settlement Class Member is permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims against the Released Parties, as those terms are defined in the Settlement Agreement, including by participating in any class action or other representative or collective proceeding that asserts Released Claims against the Released Parties.

5.      Plaintiffs' Motion for Attorney's Fees, Costs, and Class Representative Award (Docket No. 82) is **GRANTED**.

6.      The Court awards $1,354,055.04 as reasonable attorneys' fees and reimbursement for reasonable out-of-pocket expenses, to be paid from the Settlement Fund.

7.      The Court further awards the Class Representative $7,500.00 to be paid from the Settlement Fund, in consideration for the service performed for and on behalf of the Settlement Classes.

8.      The Court approves payment of $105,950 to the Settlement Administrator for reimbursement of its out-of-pocket expenses in the administration of the Settlement, to be paid from the Settlement Fund.

9.      The Court approves the parties' distribution plan of payments to the Settlement Classes as outlined in the Settlement Agreement following the

3

approved deductions.  Should funds remain after all distributions are made, and the check negotiation period provided for in the Settlement Agreement has passed, the Parties' chosen *cy pres*, Public Justice, is approved for receiving such balance.

10. This action is **DISMISSED with prejudice** and without further costs to any party.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Tuesday, November 15, 2022</u>          <u>*s/ Paul A. Magnuson*</u>
                                                                        Paul A. Magnuson
                                                                        United States District Court Judge